UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
RAYMOND L. ORTIZ,

                Plaintiff,

           -against-

JOHN E. RAIMONDI, Support Magistrate,

                Defendant.
--------------------------------------------------------------X

**MEMORANDUM & ORDER**
25-CV-5956 (NRM) (ARL)

**NINA R. MORRISON**, United States District Judge:

*Pro se* Plaintiff Raymond L. Ortiz filed the instant Complaint on October 20, 2025. ECF No. 1. Plaintiff's requests to proceed *in forma pauperis*, ECF No. 2; ECF No. 3, are granted for the purpose of this Order. For the reasons that follow, the Complaint is dismissed.

## BACKGROUND

Plaintiff appeared in Suffolk County Family Court to determine his support obligations to his child. ECF No. 1 at 5. Plaintiff claims that the Support Magistrate, Defendant John E. Raimondi, required Plaintiff to produce medical records, employment records, and tax documents, but did not require the other party to produce records. *Id.* at 4–5. Plaintiff asserts that New York State law required both parties to produce records. *Id.* Plaintiff also asserts that the magistrate judge relied on outdated income information and ordered support payments greater than the amount required by New York State law. *Id.* at 5–6. He seeks reimbursement of funds that were deducted from his disability payments. *Id.* at 6.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).   At the pleadings stage of the proceeding, the Court must assume the truth of "all nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).   A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

It is well-settled that judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988).   The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority."  *Mireles,* 502 U.S. at 11, 13 (quotation marks and citations omitted).   Judicial immunity may be

overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12.

All of Plaintiff's claims against Defendant involve the magistrate judge's official acts in judicial proceedings in Family Court, which are protected by judicial immunity. Accordingly, Plaintiff's claim for monetary compensation against Support Magistrate John E. Raimondi is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. The action is dismissed because the only Defendant is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall close this case and enter judgment and mail a copy of this Order to Plaintiff at the address provided and note the mailing on the docket.

**SO ORDERED.**

         */s/ Nina R. Morrison*
         NINA R. MORRISON
         United States District Judge

Dated:     February 13, 2026
         Brooklyn, NY

3